ALBERT G. WOLFSKEHL, Respondent, v. THE WESTERN
UNION TELEGRAPH COMPANY, Appellant.

*Telegraph company — it is liable to the person to whom a message is sent and delivered,
for damages caused by its negligence in omitting a word therefrom.*

The complaint in this action charged the defendant, a telegraph company, with
negligently omitting the word "not" from a message delivered to it to be sent
to the plaintiff, and in delivering the message in that changed condition to him,
and that by reason of the action taken by him upon the incorrect message so
delivered he sustained the damages which he sought to recover in this action.

*Held,* that a demurrer interposed by the defendant, upon the ground that it owed
no duty to the plaintiff in the transmission of the message to him, because it
sustained towards him no contractual relation, and that only such persons as sus-
tained that relation to the company could have a remedy against it, was properly
overruled.

That while telegraph companies have not been made chargeable with the absolute
liability of common carriers, yet as they are engaged in a public employment for
hire, and undertake to transmit communications from one person to another,
and hold themselves out to the world as possessing the skill and ability to per-
form that service with accuracy and dispatch, the service and duty is undertaken
for the benefit of both the receiver and the sender of telegrams, and either party,
sustaining damages from the negligent performance of such duty, has a remedy
by action against the company for their recovery.

Appeal from a judgment entered in Kings county on an interlocu-
tory judgment overruling the defendant's demurrer to the complaint.

The plaintiff alleges in his complaint filed in this case, that, on.
the 23d day of July, 1886, while employed as a musician at
Scranton, Pennsylvania, under an engagement which was to be con-
tinued for at least one year, and at a salary of $750 a year and
board, he telegraphed to Myrtle Kingsland, at Rockaway Beach,
asking for an engagement for one year as a musician; that the said
Myrtle Kingsland replied to the plaintiff's application as follows:

" *July* 24, 1886.

"To Mr. Alfred Wolfskehl, 387 *E. 19th street, N. Y.:* Have
decided not to engage you at present.

"MYRTLE KINGSLAND."

He further avess that Myrtle Kingsland delivered this message,
thus written to the defendant, which agreed to transmit the same
and deliver it to the plaintiff on receipt of the regular toll therefor,

which the said Myrtle Kingsland paid. He says further that the defendant did not deliver the said message as received by it, but did deliver to him the following message instead thereof:

" ROCKAWAY BEACH, N. Y., *July* 24, 1886.

" To M. ALFRED WOLFSKEHL, 337 19*th street, N. Y.:* Have decided to engage you at present.

" MYRTLE KINGSLAND."

He says further, that relying upon the said message, he abandoned the engagement at Scranton and at other·places, and was at expense for railroad fare and loss of time, to his damage in the sum of $2,000. To this complaint the defendant filed a general demurrer, upon the ground that no cause of action is stated therein. The court overruled this demurrer and entered judgment for the plaintiff upon the complaint, and the defendant appealed from the judgment thus rendered.

*Rush Taggart,* for the appellant.

*Horace Graves,* for the respondent.

DYKMAN, J. :

This is an action by the receiver of a telegram against the defendant, based upon the negligence of the company in the transmission of the message. The complaint charges the negligent omission of the word "not" from the message and its delivery to the plaintiff in that changed condition, and his action upon the incorrect message by which he sustained damage. The defendant demurred to the complaint, and the trial court overruled the demurrer and the defendant has appealed from the judgment. It is the insistence of the defendant in this action, that it owed no duty to the plaintiff in the transmission of the message to him, because it sustained towards him no contractual relation, and that only such persons as sustain a relation to the company by contract can have a remedy against it. The question presented is of very great importance to the public and the telegraph companies, and neither the elementary writers nor the adjudicated cases furnish us much assistance in its solution. They are quite inharmonious and unsatisfactory and throw but little light upon the question.

· While telegraph companies have not been made chargeable with the absolute liability of common carriers, yet they are engaged in a public employment for hire, and bound to exercise care and diligence, adequate to the obligations they assume, to transmit messages safely and correctly and avoid errors and mistakes and in this sense they are common carriers, and so, much of the law of common carriers becomes applicable to telegraph companies. They undertake to transmit communications from one to another, and they hold themselves out to the world as possessing the skill and ability to perform that service with accuracy and dispatch. They thus undertake the performance of a peculiar service for a stipulated reward paid either by the sender or the receiver, but the service and duty is undertaken for the benefit of both, and either party sustaining damage from the negligent performance of such duty should have a remedy by action against the company for their recovery.

It seems consonant with the settled principles of the law to hold the defendant responsible to the plaintiff in this action.

The judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Order overruling demurrer to complaint and judgment affirmed, with costs.